OPINION
{¶ 1} Defendant-appellant David Rose appeals from his conviction for non-support of dependents.
 I *Page 2 {¶ 2} On December 1, 2004, the Darke County Court of Common Pleas entered an order requiring Rose to pay child support in the sum of $433.23 per month for one minor child. At that time, he was employed by Premier Finance Adjustors of Cincinnati, Inc. Rose's employment was terminated by the employer in May 2005. Thereafter, Rose ceased making regular payments on his child support obligation.
 {¶ 3} On June 29, 2007, Rose was indicted for felony non-support in violation of R.C. 2919.21(B). At trial, Rose attempted to raise the defense of inability to pay the support obligation as set by the trial court and the defense that he made such payments as were possible within his means. Rose claimed that his income had decreased by more than thirty-percent following the termination of his employment. He claimed that he attempted to obtain a review of his support obligation but, because of a lack of cooperation by the Child Support Enforcement Agency ("CSEA"), no review was ever taken.
 {¶ 4} Following a jury trial, he was convicted as charged and appropriately sentenced. From his conviction and sentence, Rose appeals.
 II {¶ 5} Rose's first assignment of error provides:
 {¶ 6} "THE TRIAL COURT ERRED BY REFUSING TO ADMIT A TELEPHONE TRANSCRIPT IN VIOLATION OF OHIO RULES OF EVIDENCE 401 AND 402, AND THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION." *Page 3 
 {¶ 7} Rose contends that the trial court abused its discretion by denying his request to admit a transcript of a telephone call made by him to Linda Mallot, a caseworker for the Darke County Child Support Enforcement Agency ("CSEA"). Rose contends that the transcript of the telephone conversation shows that Mallot "was not truthful about her communications with [him, and that his case file thus] may have been incomplete and not shown his efforts to comply with the demands of the CSEA and his obligations." Specifically, he claims that the transcript reveals a discrepancy between the conversation and Mallot's testimony at trial. Rose contends that during the telephone conversation Mallot admitted that she had received his information packet in which he requested a review of his support obligation, but that during trial she denied ever receiving such a packet.
 {¶ 8} The trial court excluded the transcript upon a finding that its contents were merely duplicative of the testimony provided by Mallot and Rose. From our review of the transcripts from the trial and the telephone conversation, we agree.
 {¶ 9} The telephone transcript indicates that Rose contacted Mallot on May 11, 2007. During that conversation, Rose claimed that he was unemployed and homeless and wanted Mallot to "give [him] a [support] reduction hearing or some kind of administrative hearing." He further contended that he had repeatedly asked for a review starting as early as 2004.
 {¶ 10} During the conversation, Mallot informed Rose that she could not begin the review process until he completed and returned a "review information packet." Rose claimed that he had already completed such a packet and had mailed the paperwork "on several occasions." He also claimed that he had facsimile confirmations from Mallot *Page 4 
indicating that she had received the packet in 2004.
 {¶ 11} Contrary to Rose's assertions, Mallot did not make any admission regarding the receipt of Rose's review packet. While she did state that she was aware that Rose had called to inform her of the loss of his job, she also stated that the only verification she had received indicated that he had voluntarily resigned, thereby making him ineligible for review at that time.
 {¶ 12} The admission or exclusion of evidence is a matter left to the discretion of the trial court. State v. Black, Montgomery App. No. 22699, 2009-Ohio-1629, ¶ 13. Thus, a reviewing court will not reverse the trial court's decision concerning the admission or exclusion of evidence absent an abuse of that discretion. Id. The term "abuse of discretion" implies that the trial court's decision is "unreasonable, arbitrary, or unconscionable." Id. Pursuant to Evid. R. 403(B), the exclusion of evidence that is merely cumulative does not constitute an abuse of discretion. Werden v. The Children's Hosp. Med. Ctr., Hamilton App. No. C-040889, 2006-Ohio-4600, ¶ 120.
 {¶ 13} In this case, the telephone transcript does not impeach Mallot's trial testimony. Instead, it is merely a reiteration of the trial testimony of both Rose and Mallot, and does not contain any additional relevant evidence probative of the issues at trial. Thus, the trial court did not abuse its discretion by denying its admission as being cumulative.
 {¶ 14} Rose's first assignment of error is overruled.
 II {¶ 15} In his second assignment of error, Rose asserts the following: *Page 5 
 {¶ 16} "THE TRIAL COURT ERRED IN FINDING DEFENDANT GUILTY AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 17} Rose contends that the conviction for non-support of his dependents is against the manifest weight of the evidence because he established, by a preponderance of the evidence, the affirmative defense provided for in R.C. 2919.21(D). That section provides that "[i]t is an affirmative defense to a charge of * * * failure to provide support established by a court order under division (B) of this section that the accused was unable to provide adequate support or the established support but did provide the support that was within the accused's ability and means."
 {¶ 18} When reviewing a manifest weight argument, this court must determine whether the greater amount of credible evidence supports the outcome in the trial court below. State v. Thompkins (1997),78 Ohio St.3d 380, 387. We must review the testimony presented in the trial court, evaluate and weigh the evidence, consider the credibility of the witnesses, and resolve any evidentiary conflict. Id. Ultimately, we must determine whether the jury, as the fact-finder "lost its way and created such a manifest miscarriage of justice that the conviction must be reversed." Id.
 {¶ 19} Rose was convicted of a violation of R.C. 2919.21(B) which provides that "no person shall abandon, or fail to provide support as established by a court order to, another person whom, by court order or decree, the person is legally obligated to support." The offense constitutes a felony of the fifth degree when the offender fails to provide support for "a total accumulated period of twenty-six weeks out of one hundred four consecutive weeks, whether or not the twenty-six weeks were consecutive. *Page 6 
R.C. 2919.21(G)(1). The state of mind necessary for the commission of this offense is recklessness. State v. Collins, 89 Ohio St. 3d 524, 529-530,2000, Ohio-231.
 {¶ 20} The evidence in this case clearly establishes that Rose was aware of the court order which mandated the payment of child support in the amount of $433.23 per month. The record further establishes that CSEA did not receive any full or partial payments for seventy-four weeks out of one hundred and four weeks.
 {¶ 21} With regard to the affirmative defense, we conclude that Rose failed to establish that he was unable to meet his obligation or that he made such payments as were within his means. There is nothing in the record to indicate that Rose was unable to find other employment or that he was not able to perform work. Indeed, Rose admitted that he had worked as a private tow truck operator and had earned income during the period for which he was indicted. Rose claimed that he did not earn enough money to meet his obligations based upon his "estimate" that he was earning less than minimum wage as a private tow truck operator. However, he admitted that he "didn't necessarily keep track" of his income during the indictment period. Because he failed to keep track of his income, he was not able to provide any bank statements, income tax returns or pay stubs to substantiate his claims regarding his income. Further, his claim that he was making such payments as circumstances allowed is belied by the fact that he was self-employed but failed to remit any amount of support money for seventy-four weeks.
 {¶ 22} Based upon this evidence, we conclude that a reasonable juror could find that Rose had failed to prove, by a preponderance of the evidence, that he was not earning enough money to meet his support obligation or that he made such payments as *Page 7 
were possible under the circumstances.
 {¶ 23} The second assignment of error is overruled.
 III {¶ 24} Rose's third assignment of error states:
 {¶ 25} "THE DEFENDANT'S RIGHT TO COUNSEL UNDER THE SIXTH AMENDMENT OF THE CONSTITUTION, AS INCORPORATED TO THE STATES VIA THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT, WAS VIOLATED BY INEFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 26} In this assignment of error, Rose contends that trial counsel did not provide effective assistance because counsel was not prepared for trial. In support, Rose claims that he had his first meeting with counsel the day before trial. He further claims that counsel failed to introduce evidence regarding Rose's attempts to find employment. Finally, he claims that the trial court admonished trial counsel for failing to be prepared for trial.
 {¶ 27} We begin by noting that trial counsel is entitled to a strong presumption that his conduct falls within the wide range of reasonable assistance. Strickland v. Washington (1984), 466 U.S. 668, 688. To prevail on a claim of ineffective assistance of counsel, an appellant must show that, but for the ineffective assistance, the result of the trial probably would have been different and, therefore, the result is unreliable. Id.
 {¶ 28} It appears from the record that appointed counsel withdrew from the case and that attorney Paul Wagner was appointed to the matter on January 4, 2008. The trial was conducted on February 6, 2008.
 {¶ 29} There is nothing in the record to support Rose's contention that his first *Page 8 
meeting with Wagner occurred the day before trial. Even were that the case, we find no evidence that counsel was not prepared for trial. From our review of the record and transcript, counsel conducted discovery, filed a list of witnesses, conducted a vigorous cross-examination of all State witnesses, and presented testimony regarding Rose's affirmative defense.
 {¶ 30} While Rose contends that counsel failed to introduce evidence, he does not cite any evidence that counsel should have, but failed to submit. Therefore, we cannot determine the validity of this claim.
 {¶ 31} Finally, the cited "admonishment" by the court does not indicate that counsel was unprepared for trial. Instead, it appears that following a debate regarding an objection, counsel hesitated for a moment before continuing his cross-examination of one of the State's witnesses. Thereafter, the trial court stated, "Mr. Wagner, prepare your case before you get to court." However, it is clear, as stated above, that counsel was prepared for trial. The mere hesitation during questioning does nothing to persuade us otherwise.
 {¶ 32} Rose's third assignment of error is overruled.
 V {¶ 33} All of Rose's assignments of error being overruled, the judgment of the trial court is affirmed.
DONOVAN, P.J., and GRADY, J., concur. *Page 9 
(Hon. William H. Wolff, Jr., retired from the Second District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1